## WING *v.* CLARK EQUIPMENT CO.

1. Workmen's Compensation—Efficiency Engineer—Dual Employment.

In proceeding to recover workmen's compensation by plaintiff, an efficiency engineer, or undercover man, employed by corporation engaged in making industrial surveys and sent by it under agreement to appellant employer, placed in appellant's employ, put on its payroll, who worked for it the same as any other employee, whose hours of labor were fixed by it, who punched its time clock, was assigned to various jobs, received 55 cents an hour, received pay checks from it, averaged more than $5 a day, and was subject to discharge, in each respect the same as other employees, and who made reports after hours to corporation making industrial survey, plaintiff *held,* an employee serving two employers at same time, each having knowledge other was a coemployer of plaintiff.

2. Same—Dual Employment—Liability of Respective Employers.

Mere fact that an employee is serving two employers at the same time would not, under all circumstances, render the employers jointly or jointly and severally liable for compensation awarded

to such employee for injuries received during employment, as, since the amount of compensation is gauged by the amount of the employee's earnings and respective employers pay unlike amounts, separate awards as to the employers are necessary.

3. SAME—EFFICIENCY ENGINEER—RELEASE OF ONE COEMPLOYER.

Efficiency engineer's release of corporation, which was engaged in making industrial surveys, by way of approved settlement agreement as to workmen's compensation for injuries received while he was working at its customer's plant, which agreement and order of approval expressly provided that settlement with such employer should not affect plaintiff's rights against the customer which had also employed him, would not release such latter coemployer from liability for payment of compensation as the amount of compensation is gauged by the employee's earnings, a circumstance that alone would necessitate separate awards against respective employers where they paid unlike amounts for services of the employee.

4. SAME — QUESTIONS REVIEWABLE — REMAND FOR FURTHER TESTIMONY.

Issues as to whether accident arose out of and in the course of employment with coemployer appellant and whether appellant had notice or knowledge of claimed accident within three months after its occurrence and whether plaintiff made claim of compensation within the period fixed by statute, cannot be decided where case is to be remanded for taking further testimony concerning such issues (2 Comp. Laws 1929, § 8431).

5. SAME—PETITION TO TAKE ADDITIONAL TESTIMONY—ABUSE OF DISCRETION.

Dismissal of coemployer's petition to department of labor and industry to take additional testimony held, an abuse of discretion under circumstances of the case, where such additional testimony is shown not to be cumulative in character but material to the issues and deputy commissioner's dismissal of case prevented taking such testimony which appellant claimed it was then ready to present, notwithstanding petition made may not have fully complied with the rules of the department.

6. SAME—AMENDMENT OF ANSWER—SETTLEMENT AGREEMENT.

Appellant coemployer held, entitled to amend answer to plaintiff's petition for workmen's compensation to show facts relative to his settlement agreement with other coemployer, especially where claim against other coemployer was for partial disability,

whereas that against appellant was for total disability and original answer was filed before the settlement was made.

7. SAME — AMENDMENTS — EVIDENCE AS TO MATTERS TRANSPIRING PENDING PROCEEDING.

Good practice in the department of labor and industry requires a fair degree of liberality in taking of all competent testimony which will aid in accomplishing a just result and in permitting amendments pending the proceedings before it, especially such as are necessary to enable one of the litigants to present testimony of relevant matters which have transpired pending the hearing.

WIEST, C. J., dissenting.

Appeal from Department of Labor and Industry. Submitted April 15, 1938. (Docket No. 33, Calendar No. 39,823.)    Decided November 10, 1938.    Rehearing denied December 22, 1938.

Dee A. Wing presented his claim against Corporations Auxiliary Corporation, employer, and Ætna Casualty & Surety Company, insurer, and Clark Equipment Company, employer, and Liberty Mutual Insurance Company, insurer, for compensation for injuries sustained in defendants' employ.    From award against defendants Clark Equipment Company and Liberty Mutual Insurance Company, they appeal.    Reversed and remanded.

*Harry F. Briggs* and *Levin, Levin & Dill,* for plaintiff.

*Arthur R. Sherk,* for defendants Clark Equipment Company and Liberty Mutual Insurance Company.

NORTH, J.    This is an appeal from an award of compensation made against the Clark Equipment Company and the carrier of its risk, Liberty Mutual Insurance Company, the reasons urged in support of the appeal being hereinafter noted and considered.

The Corporations Auxiliary Company is engaged in making industrial surveys and for that purpose employs persons known as efficiency engineers, sometimes called undercover men. Such men are placed in the employment of companies who desire the services of the Corporations Auxiliary Company and are thus enabled to obtain firsthand information as to conditions in and about the customer's plant. Reports of such conditions are made by the investigator to the Corporations Auxiliary Company and the company in turn makes its report and recommendations to the plant being investigated. The status of the investigator is kept secret from other employees of the company whose affairs are being checked.

Plaintiff, Dee A. Wing, was such an investigator in the employ of the Corporations Auxiliary Company and this company made an arrangement with the defendant Clark Equipment Company whereby Wing was placed in the latter's factory. It is the claim of plaintiff that while so employed he was suddenly overcome by exposure to cyanide fumes. In his claim for compensation, plaintiff says:

"The injury is debilitated physical and nervous condition, so affecting use of limbs, hands, organs and senses as to make the condition an impairment of total disability; chronic cyanide poisoning."

Plaintiff made application for an adjustment of his claim for compensation against both the Corporations Auxiliary Company and the Clark Equipment Company.

The matter came on for hearing before the deputy commissioner and substantially a day's time was consumed in the presentation of plaintiff's case. Thereupon the hearing was adjourned for 22 days. During this interim an agreement was entered into

between plaintiff and the Corporations Auxiliary Company for a settlement in full of compensation due from the latter. This settlement and an agreement between plaintiff and this employer to settle permanently plaintiff's claim for compensation against it upon the payment of $948 were approved by the department of labor and industry. On the adjourned day of the hearing before the deputy, plaintiff's counsel announced the settlement made with the defendant Corporations Auxiliary Company. The deputy commissioner then raised the question as to his right to proceed with the hearing or as to what disposition he should make of the same. After some considerable colloquy a motion by the Clark Equipment Company to dismiss plaintiff's petition as to it was granted. This ruling seems to have been made in consequence of its contention that the agreement which plaintiff had entered into with the Corporations Auxiliary Company disclosed that his disability arose out of and in the course of employment with that company and not in his employment with the Clark Equipment Company; and further that since plaintiff had settled with one of the defendants he could not claim further compensation from the other. An appeal was taken to the department by plaintiff from the deputy's dismissal of his petition for an award against the Clark Equipment Company.

After the appeal was perfected the Clark Equipment Company filed two petitions with the department asking that it be permitted to take further testimony. Each of these petitions was denied. It also filed two petitions with the department asking leave to amend its answer. Neither of these petitions seem to have been passed upon by the department. Instead, on the record then before it the department awarded compensation to the plaintiff from the Clark Equipment Company and its insurer

at the rate of $12.06 per week, "the proportionate share of Clark Equipment Company's liability for plaintiff's total disability, from May 2, 1934, until the further order of the department." It is from this order that the Clark Equipment Company and its insurer have appealed, and they assign as reasons in support thereof the following:

(1) Appellants claim that plaintiff was not an employee of the Clark Equipment Company, but instead was in the employ of the Corporations Auxiliary Company. Appellants' position is not tenable under this record. Plaintiff's contract to work for the Clark Equipment Company was made with his understanding and consent through Mr. Sumner, a representative of the Corporations Auxiliary Company. The Clark Equipment Company's contract with the Corporations Auxiliary Company for its service was made with the understanding that the Clark Equipment Company would take plaintiff into its employment, so that at the same time plaintiff was working for the Clark Equipment Company he could also cooperate with the Corporations Auxiliary Company and thereby enable it to render its contemplated service to the Clark Equipment Company. Pursuant to such an arrangement the Clark Equipment Company did employ plaintiff. He was placed on the Clark Equipment Company's payroll. He worked for that company the same as any other employee. His hours of labor were fixed by the Clark Equipment Company. He punched the time clock the same as other employees. He worked at various jobs to which he was assigned from time to time by his superiors in the Clark Equipment Company. His agreed rate of pay for services so rendered the Clark Equipment Company was 55 cents per hour. He received his pay checks from this company the same as its other employees. Plaintiff's average

pay from the Clark Equipment Company was more than $5 per day. He was subject to discharge by his superiors the same as other employees. Plaintiff's reports to the Corporations Auxiliary Company were made outside of his hours of employment by the Clark Equipment Company. As his compensation from the Corporations Auxiliary Company plaintiff received $40 per month and 10 cents per hour for each hour that he worked for the Clark Equipment Company. Under such circumstances, we think it convincingly appears that plaintiff was serving two employers at the same time. Each had knowledge that the other was a coemployer of plaintiff. *Sargent* v. *A. B. Knowlson Co.,* 224 Mich. 686 (30 A. L. R. 993). All parties concerned were under the workmen's compensation act. The facts in this case are such that the Clark Equipment Company, if otherwise found to be liable, cannot be relieved of paying compensation under its claim that plaintiff was not in its employ.

(2)· Appellants further claim that the settlement by plaintiff of his claim for compensation against the one employer released the other, *i. e.,* released the Clark Equipment Company. We think it cannot be said that in every case of dual employment the employers, under the compensation law, are, under all circumstances, jointly liable for compensation awarded an injured employee, or that they are jointly and severally liable. The amount of compensation is gauged by the amount of the employee's earnings. This circumstance alone would necessitate separate awards if the respective employers paid unlike amounts for the services of the employee. Such are the facts in the instant case; and there seems to be no good reason why in the administration of the compensation law the department should not make separate awards as to the respective em-

ployers. This was done in *Sargent* v. *A. B. Knowlson Co., supra.* In such event it could not be said that by settling and releasing one of his coemployers, the employee would thereby release the other. Especially is this true where, as in this case, the settlement, as made by the parties and approved by the department, expressly provided that the settlement with the one employer should not affect the employee's rights to compensation from the other. In the settlement agreement which plaintiff entered into with the Corporations Auxiliary Company, it was recited that the pending case was "to proceed to trial and ultimate decision against the other employer;" and in the department's order approving the settlement we find the following:

"It is further ordered that this approval of the petition and agreement for lump sum shall affect and determine only the rights of the parties to the petition and agreement and not the rights, if any, of either of the other parties as against each other."

Appellants were not released by plaintiff's agreement adjusting compensation to be paid to him by the Corporations Auxiliary Company.

(3) Appellants' appeal presents the contention that plaintiff did not suffer an accident arising out of and in the course of any employment with the Clark Equipment Company and also the contention that the Clark Equipment Company had no notice or knowledge of the claimed accident within three months after its occurrence and that plaintiff made no claim of compensation within the period fixed by statute.* Because the case is to be remanded for taking further testimony concerning these issues, they cannot be decided on this appeal.

---

* See 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165).—REPORTER.

(4)    Appellants claim there was an abuse of discretion on the part of the department in denying their petitions to take further testimony and to amend their answer.  For the purpose of this review we may disregard the first petition to take further testimony which was denied on the ground of failure to comply with the rules of the department.  An amplified petition was timely presented.  By this petition the circumstances under which the Clark Equipment Company was prevented by the ruling of the deputy commissioner from taking testimony which would constitute a full and fair presentation of its case were set forth.  In short it amounted to this, that as soon as the deputy commissioner dismissed plaintiff's petition as to the Clark Equipment Company there was no opportunity afforded the latter to present testimony touching the merits of its defense.  It appears from the petition to take additional testimony that such testimony is not cumulative in character, that appellants believe they have a meritorious defense and that the testimony sought to be taken is material to the controverted issues in the case.  Among other things it is set forth in the petition that testimony sought to be taken will show that no cyanide was used in the factory where plaintiff was employed, and that plaintiff "was not subjected to any cyanide poison fumes or any other harmful or injurious fumes that can account for plaintiff's alleged disability;" and the petition made by appellants' counsel to be permitted to take further testimony also recites:

"And petitioner further shows that his clients are ready to produce and if given an opportunity to do so, will produce four physicians who have made a physical examination of the said plaintiff and who have stated to this deponent that in their opinion

the disability from which the plaintiff suffers or claims to suffer is not the result of his being exposed to cyanide fumes or any other dangerous or harmful fumes, and if called as witnesses they will so testify. * * *

"That although this deponent made the motion (to dismiss), he expected that the deputy commissioner would proceed to take the proofs and hold the motion in abeyance, but apparently the deputy commissioner was convinced that his opinion was sound, and granted the motion."

Under the peculiar circumstances of this record we are constrained to hold that because it may result in a miscarriage of justice there was an abuse of discretion in the denial of the petition to take further testimony. In fairness to the department it should be said that its ruling was based somewhat upon the ground that the petition did not fully comply with its rules but more particularly on the ground that appellant and its insurer "had ample opportunity to present their case at the time of the hearing before the deputy commissioner but failed to do so." We are unable to agree with this because when the commissioner dismissed plaintiff's petition as against appellants there was no longer opportunity to proceed in that hearing.

The amendment sought to be made to the answer was such as would enable appellants to take testimony and to present to the department the facts concerning the settlement entered into between plaintiff and Corporations Auxiliary Company. Obviously if matters occurred incident to the settlement bearing upon the merits of plaintiff's claim for compensation against appellants there was no opportunity to plead the same in the answer filed prior to such settlement. In this particular it is claimed among other things appellants should be allowed by amended answer to allege that plaintiff in his settle-

ment with the Corporations Auxiliary Company asserted a claim on the basis of only *partial* disability, whereas he claims *total* disability as against appellants. This circumstance may be of some evidentiary value in determining plaintiff's claim against appellants and for that reason the amendment should have been allowed. Good practice in the department requires a fair degree of liberality in permitting amendments pending the proceedings, especially such as are necessary to enable one of the litigants to present testimony of relevant matters which have transpired, as in this case, pending the hearing. The ultimate aim of proceedings of this character ought to be the accomplishment of a just determination of the rights of the respective parties. To this end there should be a fair degree of liberality both as to permitting amendments and as to the taking of all competent testimony which will aid in accomplishing a just result. Within proper limits the Clark Equipment Company should be permitted to amend its answer, and also permitted to take further testimony before the department or upon remanding the case to a deputy for that purpose.

The questions still open for adjudication in this case are: (1) at the time plaintiff instituted these proceedings was his right to petition for adjustment of his claim barred by failure to give notice of injury or by failure to make timely claim for compensation; (2) did plaintiff suffer an accidental injury arising out of and in the course of his employment with the Clark Equipment Company; and (3) if a compensable injury was suffered by plaintiff, is his incapacity total or only partial, his compensation, if any, to be fixed accordingly.

The award entered against appellants will be set aside and the case remanded for further proceedings in accordance herewith. Costs to appellants.

BUSHNELL, SHARPE, POTTER, CHANDLER, and MC-ALLISTER, JJ., concurred with NORTH, J.

WIEST, C. J. (*dissenting*). The relation of employer and employee, under the provisions of the workmen's compensation act, is essentially one of contract.

Plaintiff was an employee of the Corporations Auxiliary Company and sent by that company under contract with the Clark Equipment Company. Plaintiff made no contract with the Clark Equipment Company but solely with his employer, the Corporations Auxiliary Company. The Clark Equipment Company contracted with the Corporations Auxiliary Company for specialized service which that company offered and was prepared to furnish, and plaintiff was the instrumentality employed by the Corporations Auxiliary Company to perform the contract.

Plaintiff was employed by the Corporations Auxiliary Company to be furnished as an undercover man to others, and I am of the opinion that he must look solely to his employer, the Corporations Auxiliary Company, for relief.

The award should be vacated, with costs.

BUTZEL, J., took no part in this decision.