Desmond, J. (dissenting).
When a workman is injured while in the joint and concurrent employment of two employers, must the compensation award (in a case where the wages paid by the two employers are not equal) be charged against the employers in proportion to the respective wage scales 1 Both the Workmen’s Compensation Board and the Appellate Division gave negative answers to that question, holding that ‘ ‘ The liability for payment of compensation ” in this particular case “ rests equally with both employers and insurance carriers.” Surely, that was a reasonable and just holding. Although the injured claimant was paid $30 per week by one employer and $50 per week by the other, he was not injured three-eighths in one employment and five-eighths in the other but jointly, concurrently and equally in the two employments carried on inseparably and simultaneously. We should, therefore, affirm *136 the order below unless it violates some rule of law. I find no such rule.
Apportionment of awards as against joint employers is just the sort of question that should be left to the board to decide case by case on the facts and the equities (Workmen’s Compensation Law, § 20). The only possible basis for mandating an unequal sharing here is Matter of Stevens v. Hull Grummond & Co. (274 N. Y. 227) decided in 1937. The Stevens case, however, announced no universal rule of law requiring apportionment according to respective wages in every case of joint employment. The Stevens result was made necessary by a special situation not present in our case. The board had awarded to claimant Stevens $9.20 per week compensation and had directed that each of his two employers pay half thereof. But the $4.60 per week thus charged against employer Whipple, Inc., exceeded claimant’s $2.50 per week wages from that employer. Thus, the equal division ordered by the board in Stevens violated the express command of section 15 of the Workmen’s Compensation Law that compensation could not exceed two thirds of the wage. No such situation is in the present case. The equal division here ordered by the board and the Appellate Division resulted in a charge against each employer-carrier of $16 per week ($10 per week for certain periods) whereas the respective wages paid by the two employers had been $50 and $30 per week.
Where, as here, no rule of law controls, the question as to whether to apportion equally or otherwise against joint employers is one of fact or equity, dependent on the circumstances of each case. None of the out-of-State decisions cited in the majority opinion (except, possibly, Butler v. Industrial Comm., 50 Ariz. 516) support the supposed rule of law that there must in every case of joint employment be an apportionment of the award in accordance with wages. Such apportionment in Tennessee (Riverside Mill Co. v. Parsons, 176 Tenn. 381) is specifically compelled by a statute. In the California decision the approval of such an apportionment (Press Pub. Co. v. Industrial Acc. Comm., 190 Cal. 114; see, also, Hartford Acc. & Ind. Co. v. Industrial Acc. Comm., 202 Cal. 688) was made not on the law but as confirmation by the court of the commission’s factual decision. Likewise as to Schaefer & Co. v. Industrial Comm, (185 Wis. 317, 320). The Michigan case listed *137 by Judge Fuld (Wing v. Clark Equipment Co., 286 Mich. 343) cites with approval Sargent v. Knowlson Co. (224 Mich. 686, 691) which confirmed and described as “manifestly fair and just” an equal division of an award made to a watchman employed by several employers at different rates of wage.
Since equal division is here, also, ‘ ‘ manifestly fair ana just ” and since it violates no rule of law the order appealed from should be affirmed, with costs.
Conway, Ch. J., Froessel, Van Voorhis and Burke, JJ., concur with Fuld, J.; Desmond, J., dissents in an opinion in which Dye, J., concurs.
Ordered accordingly.