**Orren MARKHAM and Florence Markham, Plaintiffs,**

v.

**PITTSBURGH PLATE GLASS COMPANY, Defendant.**

**Civ. A. No. 5940.**

United States District Court
W. D. Michigan, S. D.

May 21, 1969.

Ryan, Boerema, Kail & Thompson, Grand Rapids, Mich., for plaintiffs, Jerry L. Thompson, Grand Rapids, Mich., of counsel.

Wheeler, Upham, Bryant & Uhl, Grand Rapids, Mich., for defendant, Buford A. Upham, Grand Rapids, Mich., of counsel.

## ORDER ON MOTION FOR LEAVE TO AMEND ANSWER

FOX, District Judge.

This is a diversity action alleging negligence of the defendant causing injury to the plaintiff. The injury resulted from an accident on August 23, 1967, in the warehouse of defendant on Grandville Avenue in the city of Grand Rapids, Michigan.

Defendant moves to amend its answer. Leave to amend should be freely given under Rule 15 of the Federal Rules of Civil Procedure, and is hereby granted as to all but Affirmative Defense No. 2. That defense alleges that the defendant was plaintiff's employer at the time of the accident, and as such is immune to liability pursuant to the Michigan Workmen's Compensation Law, M.S.A. §§ 17.-144, 17.145 and 17.147, M.C.L.A. §§ 411.4, 411.5, 411.7. This defense cannot be asserted because under the facts as stated by defendant it was not the plaintiff's employer.

Defendant is engaged in the sale of plate glass and maintains a warehouse for the storage of such glass on Grandville Avenue. For at least eighteen months before the accident the plaintiff had worked for Manpower, Inc., an organization which supplies temporary help to business and industry. Plaintiff had been sent by Manpower to the premises of defendant pursuant to a request for temporary help in unloading crates of glass from a railroad car.

Before the accident, plaintiff was not accompanied to the warehouse by any supervisory employee of Manpower, and he worked under the supervision of an employee of defendant at the time of the accident. He had worked at defendant's place of business before in the course of his employment by Manpower.

Mr. Markham's wages were paid by Manpower and deductions for income taxes, social security and other items were made by Manpower. He received his workmen's compensation through Manpower. Defendant paid Manpower for the services provided by Mr. Markham, and there is no claim by the defendant that the payment had any direct relation to the wages received by Mr. Markham from Manpower.

The sole issue before the court is whether, under these facts, defendant, Pittsburgh Plate Glass Company, is the employer of plaintiff, Orren Markham. If defendant is the employer, the only remedy available against it is workmen's compensation:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer." M.S.A. § 17.144, M.C.L.A. § 411.4.

The Michigan statutes define a private employer as:

"2. Every person, firm and private corporation, including any public service corporation, who has any person in service under any contract of hire, express or implied, oral or written." M.S.A. § 17.145, M.C.L.A. § 411.5.

A private employee is defined by Section 17.147, M.S.A. (M.C.L.A. § 411.7) as:

"2. Every person in the service of another, under any contract of hire, express or implied, * * *."

As stated in defendant's brief, the case of Krentz v. Union Carbide Corp., 365 F.2d 113 (6th Cir. 1966), sets forth the applicable law. The issue before the court of appeals in that case was the same as in this case, but the facts were different in several respects. The important factors leading to the conclusion that defendant was an employer in Krentz are almost completely unlike those in the instant case.

Krentz first sets out the law relative to the issue of a "lent" employee:

"When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

(a) The employee has made a contract of hire, express or implied, with the special employer;

(b) The work being done is essentially that of the special employer; and

(c) The special employer has the right to control the details of the work." (Quoting Larson, Workmen's Compensation Law § 48.00 at p. 710.)

The first step in any analysis must therefore be to determine whether the employee has made a contract of hire, express or implied, with the special employer. Relative to that issue, the Krentz court quoted from the trial judge:

"The employee's consent to the new employment relation may however be implied from the employee's acceptance of the special employer's control and direction.

"In the present case, there is undisputed evidence, in the opinion of this Court, that there was such consent on the part of the employee. He volunteered for the work, took the necessary tests, waived certain seniority rights, reported for work at the plant for about a year up to the time of the accident and acquiesced to the work assigned to him by Union Carbide's employees. There was, therefore, an implied contract for hire * * *."

This case has opposite facts. There was no affirmative action by Mr. Markham to obtain work at the defendant's warehouse. He did not volunteer for the work; took no tests to qualify for the work; waived no seniority rights; and worked only temporarily, not "about a year."

■ The only similar aspect is that the plaintiff did submit to the control of the defendant. But control is no longer the single determinative factor in Michigan. Goodchild v. Erickson, 375 Mich. 289, 134 N.W.2d 191, 193 (1965), and cases cited therein. In every other important respect the Krentz case is factually different. For that reason, applying the standards of Krentz, there was no express or implied contract of employment between Markham and Pittsburgh Plate Glass. There were only two contracts: one between Markham and Manpower, the other between Manpower and Pittsburgh Plate Glass.

■■ The Michigan statute cutting off common law tort rights should be narrowly construed, as should any statute cutting off common law rights. In thus construing it, and contrasting the facts of Krentz to the facts in this case, I find as a matter of fact and law that defendant was not plaintiff's employer. Therefore, affirmative defense number 2 in defendant's amended answer cannot lie, and leave to amend as to that defense is hereby denied.