## PALLARITO v VORE

Docket No. 92497. Submitted March 17, 1987, at Detroit. Decided December 7, 1987.

Glenn Pallarito was injured while working for Jeffrey Vore, doing business as Jeff's Rubbish Disposal. Pallarito brought a negligence action in St. Clair Circuit Court against Vore and an unnamed coworker. Vore moved for summary disposition on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act. The trial court, Ernest F. Oppliger, J., granted Vore's motion. Plaintiff appealed. On appeal, during oral argument, Vore's attorney conceded that Vore was not an employer within the meaning of the act.

The Court of Appeals *held:*

Since it was conceded that Vore was not an employer within the meaning of the Workers' Disability Compensation Act, the exclusive remedy of that act does not apply. Accordingly, plaintiff's remedy is his common-law action for negligence.

Reversed and remanded.

WORKERS' COMPENSATION — EXCLUSIVE REMEDY — ACTIONS.

A private employer having fewer employees than are statutorily mandated in the section of the Workers' Disability Compensation Act which specifies those private employers to whom the act applies may not rely on the exclusive remedy provision of that act to avoid a common-law action for negligence by an injured employee (MCL 418.115; MCL 17.237[115]).

*McIntosh, McCall, Allen, Carson, McNamee & Strickler* (by *Lee A. Strickler*), for plaintiff.

*Law Offices of W. J. Drillock* (by *David W. Hearsch*), for defendant.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 52-54, 103.

Right of employee to maintain common-law action for negligence against workmen's compensation insurance carrier. 93 ALR2d 598.

Before: SHEPHERD, P.J., and J. H. GILLIS and S. J. LATREILLE,* JJ.

SHEPHERD, P.J. Plaintiff appeals from a grant of summary disposition in favor of defendant. The court found that plaintiff's claim was barred by the exclusive remedy provision of the Workers' Disability Compensation Act. We reverse and remand for further proceedings.

Plaintiff contacted defendant Jeffrey Vore (hereinafter defendant) about a job with defendant's garbage removal business. Defendant told plaintiff he would need extra help on December 26, 1983, due to the increased rubbish volume generated during the holidays. Defendant told plaintiff he would be paid between $15 and $20 for working December 26. Some discussion was had concerning the possibility of more work in the following days.

Defendant drove the truck while plaintiff and Phil Schibe picked up the customers' trash and threw it into the truck. Defendant's "packer" truck used blades to compress the rubbish. Plaintiff alleged that it had no safety mechanisms. Defendant told plaintiff to place the trash deep into the bin. To do so, plaintiff had to place his hands inside the crusher blades. After they had been working a few hours, Schibe activated the packing mechanism while plaintiff was loading trash. Plaintiff's hand was caught between the blades and was severely injured.

Defendant moved for summary disposition alleging that plaintiff was an employee whose cause of action was barred by the act's exclusive remedy provision, MCL 418.131; MSA 17.237(131). Plaintiff's response alleged that he was not an employee within the meaning of the act. The trial court found that plaintiff was an employee and granted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

summary disposition. Plaintiff subsequently filed
what was essentially a motion for reconsideration.
Our review of that motion indicates that it raised
the issue of whether defendant was an employer
subject to the act, which issue plaintiff again raises
on appeal. We find that issue dispositive.

Section 111 of the act, MCL 418.111; MSA
17.237(111), provides:

> Every employer, public and private, and every
> employee, unless herein otherwise specifically pro-
> vided, shall be subject to the provisions of this act
> and shall be bound thereby.

The definition of "employer" includes a person
hiring another person in service under an oral
contract of hire. MCL 418.151; MSA 17.237(151).
The act specifically applies to certain employers
enumerated in MCL 418.115; MSA 17.237(115),
which provides in part:

> This act shall apply to:
> (a) All private employers, other than agricul-
> tural employers, who regularly employ 3 or more
> employees at 1 time.
> (b) All private employers, other than agricul-
> tural employers, who regularly employ less than 3
> employees if at least 1 of them has been regularly
> employed by that same employer for 35 or more
> hours per week for 13 weeks or longer during the
> preceding 52 weeks.

We conclude that the enumeration of these specific
groups of private employers indicates that the act
does not apply to other private employers, al-
though we note that the remaining nonagricul-
tural private employers are not expressly excluded
as are certain agricultural employers in MCL
418.115; MSA 17.237(115). This conclusion causes

some tension with regard to MCL 418.111; MSA 17.237(111). Any other conclusion would render the specific enumeration meaningless, however.

At oral argument, defendant's attorney conceded that defendant was not an employer within the meaning of the act. Given this concession, this case is controlled by *Viaene v Mikel,* 349 Mich 533, 539; 84 NW2d 765 (1957), which held that where an employer has fewer than the statutorily required number of employees, an injured employee's remedy is a common-law action for negligence rather than a worker's compensation proceeding. Although *Viaene* was decided at a time when the worker's compensation statutes applied to employers with eight or more employees, we believe the holding has equal force under the current statutes. The jurisdictional facts pertaining to defendant's status as an employer under the act are facts exclusively within defendant's knowledge, *Viaene, supra,* and we are bound by defendant's admission that he is not an employer. Accordingly, the act does not apply to defendant and plaintiff is entitled to maintain this common-law action.

This result is borne out by the exclusive remedy provision itself, MCL 418.131; MSA 17.237(131), which provides:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 "employee" includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and "employer" includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or

incident to a self-insured employer's liability servicing contract.

On its face, the provision requires that there be an "employer," or a person closely identified with an "employer," in order for coverage to exist under the act. Moreover, the "right to recovery of benefits" is the "exclusive remedy against the employer." As Professor Larson notes, 2A Larson, Workmen's Compensation Law, § 65.40, pp 12-25 to 12-26:

> If, as stated earlier, the exclusiveness defense is a "part of the *quid pro quo* by which the sacrifices and gains of employees and employers are to some extent put in balance," it ought logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, rights of action for damages should not be deemed taken away except when something of value has been put in their place.
> A distinction must be drawn, however, between an injury which does not come within the fundamental coverage provisions of the act, and an injury which is in itself covered but for which, under the facts of the particular case, no compensation is payable. In the former class are, of course, all the cases in which the relation of employment did not exist, or in which plaintiff or his employer was within an excluded category, or in which there was no "injury by accident arising out of and in the course of the employment."

The applicability of the exclusive remedy provision turns not upon the characterization of the asserted cause of action, but upon whether the employee has a right to recover benefits under the act. *Jones v General Motors Corp,* 136 Mich App

251, 257; 355 NW2d 646 (1984). If defendant is not an employer within the meaning of the act, then plaintiff has no right to recover benefits under the act and no consequent exclusive remedy.

Defendant cites *Hoffman v National Machine Co,* 113 Mich App 66; 317 NW2d 289 (1982), in support of his position that the exclusive remedy provision nonetheless applies. *Hoffman* involved an employee assigned to work for the defendant through a labor broker. This Court held that the exclusive remedy provision as amended was intended to apply "regardless of whether that employer was liable for payment of compensation benefits." Given the circumstances of *Hoffman,* including an apparent dual or special employment relationship, we believe that case addresses only specific employer liability rather than a situation where a plaintiff has no right to recover benefits.

Our holding makes it unnecessary to consider plaintiff's additional claim that he was not an employee within the meaning of the act.

Reversed and remanded for further proceedings consistent with this opinion.