ARNETT v. HAYES WHEEL CO.

1. MASTER AND SERVANT—RELATION—RIGHT TO CONTROL DURING TEMPORARY EMPLOYMENT.
   A person who avails himself of the use, temporarily, of the services of a servant regularly employed by another, may be liable as master for the acts of such servant during the temporary service; the test being as to who retains, the right to control the servant.

2. SAME — WORKMEN'S COMPENSATION ACT — TEMPORARY EMPLOYMENT—LIABILITY.
   Where a blow-pipe company contracted to install in the factory of a wheel company an extension to its blow-pipe and dust arrester system; the latter company furnishing certain helpers to assist in the work, and while it was in progress the blow-pipe company was in full control of the work and of the men engaged therein, it was liable, under the workmen's compensation act, for the death of one of the helpers so furnished, although he continued on the pay roll of the wheel company. OSTRANDER, C. J., dissenting.

Certiorari to Industrial Accident Board. Submitted January 10, 1918. (Docket No. 34.) Decided March 28 1918. Rehearing denied June 20, 1918.

Mamie Arnett presented separate ·claims for compensation against the Hayes Wheel Company and the Grand Rapids Blow Pipe & Dust Arrester Company for the accidental death of her husband in defendants' employ. From an order awarding compensation against the Hayes Wheel Company, it and the Michigan Workmen's Compensation Mutual Insurance Company, insurer, bring certiorari. Reversed, and award entered against the Grand Rapids Blow Pipe & Dust Arrester Company and the Fidelity Casualty Company, its insurer.

*Beaumont, Smith & Harris,* for appellants.

*Guy W. Moore* and *Hal P. Wilson,* for appellees.

*Kerr & Lacey,* for plaintiff.

Bird, J. The defendant Grand Rapids Blow Pipe & Dust Arrester Company, a manufacturing company of Grand Rapids, made a written offer to the Hayes Wheel Company of Jackson to install in its factory an extension to its blow pipe and dust arrester, on the following terms:

"In regard to further changes and additions to your dust collecting system at above address, will say that we will furnish you with the following equipment. (Here follows an inventory of materials needed and price of same.) We will also furnish you with the necessary expert erecting mechanics to install the system at the rate of sixty cents (60c) per hour and you to assume their railroad fare from Grand Rapids to Jackson and return, and also their board and lodging while on the job, the latter not to exceed one dollar per day. The contractor is to design the system and guarantee successful operation of the same and furnish the necessary skilled mechanics to install it according to the specifications hereto attached, putting the same in first-class working order. The purchaser is to set up and belt the fans, furnish supports for the discharge pipes, fans and dust arresters, and such scaffolding as is required, cut the boiler front for the feeder chute, do the carpenter and mason work and furnish labor to help at his own expense. * * *

"The purchaser agrees that the machines to be piped will be placed in positions designated when the measurements for the system are taken and that the contractor will not be delayed in his work by machinery not being in position when he is ready to pipe same. Also that he will test the system thoroughly on completion in order to designate any poor results and have them made to work properly before the mechanic leaves. The contractor is to start work at once after the order is given and carry the same forward to completion.

"Terms, one-half of which is to be paid on delivery of material and the balance thirty days after completion. All material furnished by the contractor is to remain his property until the cash is paid."   *   *   *

The offer was accepted, the materials were shipped and work begun. In accordance with the contract three skilled mechanics were furnished and the Jackson company was called upon to furnish each one of them a helper. Among the helpers furnished was Cecil Arnett, husband of plaintiff, who was employed and assigned as helper to Harry Byle. On November 8, 1915, during the progress of the work, while Byle and Arnett were in the boiler room attempting to connect the blow pipe extending from plant No. 1 to plant No. 2, an explosion occurred resulting in the death of both Byle and Arnett. Plaintiff, being in doubt to which company she should look for compensation, filed a claim against both. Both companies denied liability and each insisted that the other was liable.

The matter was presented to an arbitration committee and they found that plaintiff was entitled to an award and that the Grand Rapids company was liable therefor. Upon appeal the full board affirmed the finding that plaintiff was entitled to an award, but reversed the finding of the committee that the Grand Rapids company was liable therefor and held the Jackson company liable. The matter is now in this court on certiorari and the sole question is, Which company is liable?

The question to be determined is, Whose servant was Arnett when he received his injuries? This question is one which not infrequently arises, and the following rule, as gathered from the adjudicated cases, is suggested by Cyc. as an aid in determining the question.

"A person who avails himself of the use, tempor-

arily, of the services of a servant regularly employed by another person may be liable as master for the acts of such servant during the temporary service. The test is whether in the particular service which he is engaged or requested to perform he continues liable to the direction and control of his original master or becomes subject to that of the person to whom he is lent or hired, or who requests his services. It is not so much the actual exercise of control which is regarded as the right to exercise such control. To escape liability the original master must resign full control of the servant for the time being, it not being sufficient that the servant is partially under the control of a third person. Subject to these rules, the original master is not liable for injuries resulting from acts of the servant while under the control of a third person; but on the other hand the original master is liable, and the third person is not liable where the control of the servant is retained by the original master." 26 Cyc. p. 1522.

This rule is a fair statement of the holdings of the adjudicated cases and one which has been approved by this court in *Janik* v. *Ford Motor Co.*, 180 Mich. 557.

By the terms of the contract the Grand Rapids company was to furnish the skilled mechanics and the Jackson company was to furnish the common laborers. After the laborers were employed and turned over to the Grand Rapids company, nothing was left to be done by the Jackson company but to pay them. After they were placed subject to the orders of the Grand Rapids company they worked with the servants of that company, used the tools of that company upon materials owned by that company, obeyed the orders of that company, worked the particular hours designated by that company, and obtained the consent of that company if they desired to absent themselves for a time. The Grand Rapids company was familiar with the work of installing the machine and apparatus, and knew, or was supposed to know, the safe way and

the unsafe way of doing the work, and it did direct how and when the work should be done. The Jackson company did not reserve the right to direct or interfere with the work, and, so far as the record shows, it did not. It simply contracted for results and as a consequence it had little interest in the details of the work leading up to a fulfillment of the contract. It had few duties in connection with the construction of the work until a test of the machines and apparatus showed that the guaranteed results had been attained. When the foregoing rule is applied to these facts and circumstances we think it must be said that the Grand Rapids company was the master and Arnett its temporary servant.

But it is argued that Arnett was the servant of the Jackson company because employed and paid by it. Ordinarily these are strong factors in determining the question, but they are not controlling where it is shown that the employee was actually under the control of another person during the progress of the work. *Janik* v. *Ford Motor Co., supra;* 1 Bradbury's Workmen's Compensation (2d Ed.), p. 109; 1 Labatt's Master & Servant (2d Ed.), pp. 63-67. See, also, *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich. 125; *Opitz* v. *Hoertz,* 194 Mich. 626.

Entertaining this view of the matter, the award against the Hayes Wheel Company must be vacated and one entered against the Grand Rapids Blow Pipe & Dust Arrester Company. The Hayes Wheel Company and Mamie Arnett, the plaintiff, will recover their costs in this court and tax them against the Grand Rapids Blow Pipe & Dust Arrester Company.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, J.

OSTRANDER, C. J. (*dissenting*). In my opinion the finding of the board should be sustained for reasons given in its opinion.