GOODCHILD *v.* ERICKSON.

WORKMEN'S COMPENSATION — LOCAL AND INTERSTATE MOVERS — LOANED EMPLOYEE—TEST OF LIABILITY FOR INJURY.

> Liability for workmen's compensation for injury sustained by plaintiff was properly assessed against defendant employer, operator of local moving service who was also agent for other defendant, a more extensive interstate operator and to whom employer had provided plaintiff workman to assist in unloading interstate operator's moving van at time of injury, whether test applied be the now abandoned right to control or presently employed test of economic reality, it appearing plaintiff was a full-time employee of the local defendant mover, who paid plaintiff and received a sum of money in addition to what was paid plaintiff when latter was loaned to other defendant.

Appeal from Workmen's Compensation Appeal Board. Submitted January 6, 1965. (Calendar No. 15, Docket No. 50,619.) Decided April 9, 1965.

Workmen's compensation claim by Gerald Goodchild against Laurence Erickson, doing business as Erickson Moving Service, Citizens Mutual Insurance Company, Aero Mayflower Transit Company, and Hartford Accident & Indemnity Company for injuries arising out of the course of his employment. Award against defendants Erickson and Citizens Mutual Insurance Company. Dismissed as to Aero Mayflower Transit Company and Hartford Accident & Indemnity Company. Defendant Erickson and

---

REFERENCES FOR POINTS IN HEADNOTE
56 Am Jur, Workmen's Compensation §§ 343, 347.

Citizens Mutual Insurance Company appeal. Affirmed.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendants Erickson and Citizens Mutual Insurance Company.

*John G. Erickson,* for defendants Aero Mayflower Transit Company and Hartford Accident & Indemnity Company.

SOURIS, J. Plaintiff was injured during the course of employment on January 7, 1961. Plaintiff is receiving workmen's compensation benefits from defendant Laurence Erickson, doing business as Erickson Moving Service, by order of a hearing referee affirmed by the workmen's compensation appeal board. Defendants Erickson and his insurer take this appeal by leave granted and argue that defendants Aero Mayflower Transit Company and its insurer should be liable for payment of the workmen's compensation benefits.

Erickson is the owner of a household goods moving company licensed to operate interstate between Wisconsin and Michigan and intrastate in Michigan's upper peninsula. In addition, he has an arrangement with Aero, which operates over a more extensive interstate territory, whereby Erickson receives a 20% commission upon any business he secures for Aero. In the latter instances Erickson gives a cost estimate to the shipper and secures the shipper's signature upon a service order, a copy of which is sent to Aero, which then sends Erickson a confirmation of the shipping date.

When an Aero driver nears a shipping point in Erickson's vicinity, he calls Erickson to tell him of the estimated time of arrival and sometimes asks Erickson to provide men to help load or unload the

Aero van. The men Erickson supplies may be regular employees of his or strangers. Upon completion of the work, the Aero driver issues an invoice to Erickson authorizing Aero's payment to him "for helper labor" at the rate of $2.50 per man hour. Erickson keeps 20% of this, paying the helpers $2.00 per hour.

Claimant Goodchild was a regular full-time employee of Erickson, having been hired in May of 1960. His injury occurred as he was helping Erickson help an Aero driver unload a van of furniture, the contract for the moving of which had been secured for Aero by Erickson in the manner outlined above. According to the report of compensable injury filed by Erickson, Goodchild was working 40 hours per week in his employ and was being paid $2.00 per hour. If during any particular week part of Goodchild's time were spent in helping Aero drivers, he was still paid by a single check issued by Erickson, from which Erickson deducted income and social security taxes.

Erickson argues that, although Goodchild was a regular full-time employee of his, when Goodchild was helping to unload the Aero van he was temporarily at least such an employee of Aero as to make Aero liable for the workmen's compensation award. Erickson relies particularly upon *Arnett* v. *Hayes Wheel Company* (1918), 201 Mich 67. In that case a Grand Rapids manufacturer of dust arresting equipment contracted to install a dust control system in a wheel manufacturing company's plants. As part of the arrangement the wheel company furnished one of its employees as a helper to the Grand Rapids company's skilled mechanic in charge of the installation. While so working the helper was killed and his widow sought benefits under the workmen's compensation act. This Court held that upon the facts the

Grand Rapids company was liable, stating the principles involved thusly:

"The matter is now in this Court on certiorari and the sole question is, Which company is liable?

"The question to be determined is, Whose servant was Arnett when he received his injuries? This question is one which not infrequently arises, and the following rule, as gathered from the adjudicated cases, is suggested by Cyc as an aid in determining the question.

" 'A person who avails himself of the use, temporarily, of the services of a servant regularly employed by another person may be liable as master for the acts of such servant during the temporary service. The test is whether in the particular service which he is engaged or requested to perform he continues liable to the direction and control of his original master or becomes subject to that of the person to whom he is lent or hired, or who requests his services. It is not so much the actual exercise of control which is regarded as the right to exercise such control. To escape liability the original master must resign full control of the servant for the time being, it not being sufficient that the servant is partially under the control of a third person. Subject to these rules, the original master is not liable for injuries resulting from acts of the servant while under the control of a third person; but on the other hand the original master is liable, and the third person is not liable where the control of the servant is retained by the original master.' 26 Cyc, p 1522.

"This rule is a fair statement of the holdings of the adjudicated cases and one which has been approved by this court in *Janik* v. *Ford Motor Company,* 180 Mich. 557 (52 LRA NS 294, Ann Cas 1916A, 669)."

Even if the so-called control test were determinative, this passage quoted by Erickson in his brief would require our affirmance of the award he seeks altered.

Erickson's own testimony, which indicates that he retained substantial control over his employee Goodchild while the latter was helping unload the van fails to meet the *Arnett* test since Erickson did not "resign full control of the servant for the time being."[1]

We have, however, abandoned the control test as the exclusive criterion by which the existence of an employee-employer relationship, for the purposes of remedial social legislation, is determined. See *Tata* v. *Muskovitz* (1959), 354 Mich 695, which adopted as the law of this State Mr. Justice TALBOT SMITH's dissenting opinion in *Powell* v. *Employment Security Commission* (1956), 345 Mich 455, 478: "The test employed is one of economic reality." See, also, *Schulte* v. *American Box Board Company* (1959), 358 Mich 21, 33.

Viewed in terms of economic reality, we cannot disagree with the appeal board's conclusion that for purposes of assessing liability under the workmen's compensation act Goodchild was an employee of Erickson at the time of his injury. Goodchild was a regular full-time employee of Erickson, received a single paycheck from Erickson each week, and was directed by Erickson in unloading the Aero van.[2] In these circumstances we think the board justified

---

[1] "*Q.* And you [Erickson] directed him [Goodchild] to assist you in the unloading of the Baron load?

"*A.* That is right.  *  *  *

"*The Referee:* You, as a matter of fact, Mr. Erickson, told this man what to do, did you not?

"*The Witness:* I did.

"*The Referee:* Told him when to report for work?

"*The Witness:* That's right.

"*The Referee:* Where to go?

"*The Witness:* Right.

"*The Referee:* How many hours to work. Any further questions from this witness, gentlemen?"

[2] "As any worker knows, the hand that holds the pay check wields also the whip of discipline. An error, an infraction of the rules, and the job may be only a memory." *Powell* v. *Employment Security Commission*, 345 Mich 455, 475.

in concluding that Goodchild's labor was an incident of his employment with Erickson, and that, therefore, Erickson properly was held liable for the workmen's compensation award.

Affirmed. Costs to appellees.

T. M. KAVANAGH, C. J., and BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred with SOURIS, J.

DETHMERS and KELLY, JJ., concurred in result.