OLIVER v ST CLAIR METAL PRODUCTS COMPANY

1. NEGLIGENCE—DEFENSES—FELLOW SERVANT—QUESTION OF FACT.
   Whether an employee of a principal corporation who was also active in various capacities in the operation of subsidiary corporations was a fellow servant of an injured employee at one of the subsidiaries was a question of fact for jury determination where there was conflicting testimony as to the employee status.

2. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT.
   The standard of an appellate court's review of a trial court's decision on a motion for judgment notwithstanding the verdict is whether, after viewing the facts in the light most favorable to plaintiff, reasonable men could honestly differ.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 January 8, 1973, at Detroit. (Docket No. 13599.) Decided February 23, 1973.

Complaint by Constance Oliver against St. Clair Metal Products Company, Service Machine Company, ITW Licon Company, Pearl Equipment Company, Marks Manufacturing Company, and Allen Stevens Trucking Company for damages for personal injuries received in an industrial accident. Plaintiff settled with all the defendants except St. Clair Metal Products Company prior to trial. Ver-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Master and Servant § 324.
[2] 4 Am Jur 2d, Appeal and Error § 112.

dict and judgment for plaintiff. Defendant St. Clair appeals. Affirmed.

*Bush, Luce, Henderson, Black & Bankson,* for plaintiff.

*Johnston & Wendt* (by *Richard C. Johnston),* for defendant-appellant.

Before: J. H. GILLIS, P. J., and BASHARA and O'HARA,* JJ.

J. H. GILLIS, P. J. Plaintiff, Constance Oliver, was injured in an industrial accident involving a punch press arising out of and in the course of her employment at Huron Manufacturing Company (hereinafter referred to as "Huron"), a wholly owned subsidiary of defendant St. Clair Metal Products Company (hereinafter referred to as "St. Clair").

She recovered workmen's compensation benefits from Huron and then brought suit against the manufacturer of the press, the manufacturer of a switch device attached to the press, and others who transported, unloaded and installed the machinery. Those claims were settled prior to trial.

She also joined defendant St. Clair in the suit alleging negligent control of the machine and claimed successfully at trial that its employee, Robert Murray, when made aware of the deficiencies in the machine prior to the accident, declined the use of further safety features during its operation at Huron.

Defendant St. Clair contends on appeal, as it did before trial in a motion for summary judgment as well as after trial in a motion for judgment notwithstanding the jury verdict for plaintiff, that

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Murray was actually working for Huron and was therefore a fellow servant of plaintiff, that the only possibility of its liability to plaintiff was predicated on Murray's negligence, and hence, that MCLA 413.15; MSA 17.189,[1] barred suit.

Defendant St. Clair, relying on *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc,* 17 Mich App 259 (1969), contends the issue of Murray's status as fellow servant is a matter of law, not a question for the jury. The reliance is misplaced. In *Renfroe,* stipulated facts called only for the application of a legal solution to the issue of an employer's status. This case presents issues of disputed facts and their weighed significance, if any. It is well recognized that when evidence before a trier of fact is incomplete or disputed, the matter should not be disposed of summarily. *Ayers v Genter,* 367 Mich 675 (1962); *Beck v Delta Recreation Corp,* 2 Mich App 518 (1966); *Schulte v American Box Board Co,* 358 Mich 21 (1959); *Graham v Thorman,* 354 Mich 629 (1958); see also *Ladner v Vander Band,* 376 Mich 321 (1965), which was presented for appellate review in the same posture as *Renfroe,* and by negative inference, supports our determination that disputed facts give rise to jury questions. We hold the trial court correctly ruled on the motion for summary judgment.

While we note the testimony showed all corporations involved were separate legal entities, by virtue of separate tax liabilities and separate financial records, thereby distinguishing this case from *Hudson v Allen,* 11 Mich App 511 (1968), we emphasize that the *only* issue remaining concerns the employment status of Robert Murray in rela-

---

[1] At the time of suit this was the statutory rule regarding the liability of fellow servants. The rule is now embodied in MCLA 418.827; MSA 17.237(827).

tion to Huron and St. Clair. The standard of our review of the trial court's decision on the motion for judgment notwithstanding the verdict is whether, after viewing the facts in the light most favorable to plaintiff, reasonable men could honestly differ on Murray's status. See *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223 (1963).

Defendant St. Clair's president and principal stockholder, Irwin Green, testified he hired Murray as an assistant to oversee production schedules of the various corporations. St. Clair had other employees in the same capacity. Testimony showed Murray received his paycheck from St. Clair, that he was never on the payroll at Huron and had no office at the Huron plant, yet he gave orders from time to time to Huron's plant manager as well as to employees of Famco and Marks.

Employees of the various subsidiary corporations viewed him, at varying times, as their "superior"; Green's "assistant"; Green's "salesman" and a "jack-of-all-trades". Testimony indicated Murray acted on behalf of Green and St. Clair when he made decisions affecting the other corporations. He appeared at the Huron plant occasionally, but was absent weeks at a time.

Hypothetically, if Murray had been injured at those visits, it is not clear whether he would have recovered workmen's compensation from Huron, (see *Helmic v Paine,* 369 Mich 114 [1963], which notes this is one factual test in determining the status of a fellow employee), nor are we convinced Murray's status as a "dual employee" of both St. Clair and Huron was clearly shown. (See *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc, supra.)* Conflicting testimony indicated Murray may have been a general manager of Huron at one

time, but that he was advancing only the interests of St. Clair at the critical period, while being paid by St. Clair alone. See *Goodchild v Erickson,* 375 Mich 289 (1965).

We are satisfied a jury could reasonably find Murray not to be a fellow servant on these facts, a decision implicit in the verdict rendered in this cause.

Affirmed. Costs to appellee.

All concurred.