HIGGINS v MONROE EVENING NEWS

Opinion of the Court

1. Workmen's Compensation—Appeal and Error—Appeal Board —Findings of Fact—Finding of Law.

The Court of Appeals is bound by the findings of fact of the Workmen's Compensation Appeal Board if any evidence exists in the record to support them; however, the Court is free to correct erroneous rulings of law (Const 1963, art 6, § 28).

2. Appeal and Error—Law of the Case—Prior Appeals.

The law-of-the-case rule requires an appellate court to adhere to legal rulings made on a prior appeal of the same case where the underlying facts have not changed.

3. Statutes—Construction—Literal Interpretation—Legislative Intent.

A statute should not be interpreted literally where a literal interpretation leads to a result clearly contrary to the legislative intent.

4. Workmen's Compensation—Paperboys—Helpers—Five-Year-Olds.

A five-year-old occasional helper of a substitute paperboy, who had been promised remuneration and who had helped the substitute paperboy in the past, is not an "employee" under the Workmen's Compensation Act (MCLA 418.161; MSA 17.237[161]).

References for Points in Headnotes

[1, 5–7] 82 Am Jur 2d, Workmen's Compensation § 613 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 744 *et seq.*
Interlocutory ruling or order of one judge as binding on another in same case. 132 ALR 14.
[3] 73 Am Jur 2d, Statutes § 194 *et seq.*
[4, 8] 81 Am Jur 2d, Workmen's Compensation § 161.
[9] 81 Am Jur 2d, Workmen's Compensation § 167 *et seq.*
[10] 82 Am Jur 2d, Workmen's Compensation §§ 381, 382, 411.
[11, 13] 48 Am Jur 2d, Labor and Labor Relations §§ 1678, 1686, 1873.
[12] 16 Am Jur 2d, Constitutional Law § 533.
[14] 82 Am Jur 2d, Workmen's Compensation § 381.

5. WORKMEN'S COMPENSATION—APPEAL BOARD—REARGUMENT—HEARING PANEL—CHANGE IN MEMBERSHIP.

The Workmen's Compensation Appeal Board should offer parties an opportunity for reargument where membership of the hearing panel has changed after oral argument.

DISSENT BY T. M. BURNS, P. J.

6. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL AND ERROR—CONSTITUTIONAL LAW.

*Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law (Const 1963, art 6, § 28).*

7. WORKMEN'S COMPENSATION—APPEAL BOARD—APPEAL AND ERROR—FINDINGS OF FACT—STATUTES.

*Findings of fact made by the Workmen's Compensation Appeal Board acting within its powers, in the absence of fraud, shall be conclusive (MCLA 418.861; MSA 17.237[861]).*

8. WORKMEN'S COMPENSATION—PAPERBOYS—HELPERS—EMPLOYEE—STATUTES.

*A decision of the Workmen's Compensation Appeal Board, that an occasional helper of a substitute paperboy is an "employee" under a section of the Workmen's Compensation Act, should be affirmed on appeal where (1) the application of the statute was intended to be very broad, (2) the appeal board's decision is a simple application of the clear language of the act, and (3) the decision is not clearly contrary to the legislative intent expressed in the act (MCLA 418.161[1][b]; MSA 17.237[161][1][b]).*

9. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTORS—SECOND-LEVEL EMPLOYEES—COVERAGE.

*The Workmen's Compensation Act was intended to extend compensation benefits to second-level employees of independent contractors (MCLA 418.171; MSA 17.237[171]).*

10. WORKMEN'S COMPENSATION—MINORS—ILLEGAL EMPLOYMENT—DOUBLE COMPENSATION.

*A minor whose employment is illegal at the time of his injury is entitled to double compensation under the Workmen's Compensation Act (MCLA 418.161; MSA 27.237[161]).*

11. INFANTS—CHILD LABOR LAWS—WORK PERMITS—STREET TRADES—NEWSPAPERS.

*The employment of minors without work permits in the distribu-*

*tion of newspapers is not illegal because employment of minors without work permits in "street trades" is permitted and the distribution of newspapers is a "street trade".*

12. Constitutional Law—Equal Protection—Legislation—Classifications.

*Legislation is invalid on equal protection grounds if it creates classifications which are without reasonable bases and are purely arbitrary.*

13. Infants—Child Labor Laws—Employment Prohibited—Exceptions—Paperboys—Constitutional Law.

*There are rational bases for permitting children under the age of 14 to work as paperboys while generally prohibiting their employment in other occupations; this legislative decision is reasonably related to the legislative goal of preventing child labor abuses (MCLA 409.14; MSA 17.714).*

14. Workmen's Compensation—Determination of Benefits—Wages—Expected Increase—25-Year-Olds—Age of Majority.

*A section of the Workmen's Compensation Act, providing that a hearing referee may sometimes consider that the wages or position of a claimant less than 25 years old may be expected to increase, does not apply until the claimant reaches the age of majority (MCLA 418.359; MSA 17.237[359]).*

Appeal from Workmen's Compensation Appeal Board. Submitted May 7, 1976, at Detroit. (Docket Nos. 23605, 23812.) Decided August 3, 1976. Leave to appeal applied for.

Claim by Daniel S. Higgins against Monroe Evening News and Michigan Mutual Liability Company for workmen's compensation. Award of compensation modified by the Workmen's Compensation Appeal Board. Plaintiff and defendants appeal by leave granted. Decision to award compensation reversed.

*van Benschoten & van Benschoten, P. C.,* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown,* for defendants.

Amicus Curiae: *Keywell & Rosenfeld* (by *Frederic I. Keywell* and *David A. Collins*), for Michigan Press Association.

Before: T. M. BURNS, P. J., and R. B. BURNS, and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendants Monroe Evening News and Michigan Mutual Liability Company appeal from a Workmen's Compensation Appeal Board order affirming the decision of hearing referee Ray Ravary awarding workmen's compensation benefits to plaintiff. Plaintiff appeals from a portion of the same Workmen's Compensation Appeal Board order which reduced the amount of compensation initially ordered by the referee. Both appeals are by leave granted pursuant to GCR 1963, 806.2(1). In addition, the Court has granted the petition of the Michigan Press Association to intervene for purposes of filing an amicus curiae brief. GCR 1963, 209.1(3).

The voluminous files in this matter testify to the ability of Workmen's Compensation litigation to create complex appeal issues out of mundane case histories. The Workmen's Compensation Appeal Board has already written two detailed opinions, the first of which was reviewed and reversed in part by this Court in *Higgins v Monroe Evening News*, 42 Mich App 301; 201 NW2d 665 (1972), *lv den*, 388 Mich 786 (1972). During the seven-year history of this case many issues have been raised by the parties and decided by one of the reviewing tribunals or abandoned prior to decision; unfortunately, many other issues have been raised but neither decided nor abandoned. Rather than prolong this unnecessarily protracted litigation, we will try to speak forthrightly and concisely to the single issue which we feel controls in this case.

The facts involved here are not half so lengthy or complicated as the litigation they spawned. In 1966, Robert Edwards regularly delivered the defendant's papers in the plaintiff's neighborhood. Because Edwards actively participated in school sports, he worked out an agreement with Frank Handler whereby Handler substituted for him on a per diem basis on practice days. February 4, 1966, was such a day.

On that date, Handler completed the first part of the route and returned to his home for more papers. Handler's five-year-old brother Nicky (Nicholas) and the plaintiff were playing inside. Handler asked them if they wanted to accompany him on the paper route and they agreed.

Evidence conflicted over two factual points vital to this case: (1) whether plaintiff actually delivered or had in the past delivered papers for Handler and (2) whether plaintiff was promised compensation for his efforts. In this regard, the opinion of the Workmen's Compensation Appeal Board made specific findings of fact about both issues, and we are bound by that determination. Const 1963, art 6, § 28. See *Moore v Gundelfinger,* 56 Mich App 73; 223 NW2d 643 (1974). The findings were the following:

"This testimony establishes that a promise of consideration in the form of remuneration by way of a dime, bottle of pop or some candy was made to plaintiff in return for his help in delivering newspapers and that this had not been the first time that plaintiff had helped."

During the course of deliveries on this particular afternoon, while all three boys were standing by the curb waiting to cross the street, the plaintiff suddenly ran into the street and was struck by a

car. Severe injuries occurred, and, on August 20, 1968, an initial Petition for Hearing began this prolonged litigation.

We have carefully reviewed all of the issues raised on the present appeal and find that determination of only one is necessary. Simply put, was plaintiff, a five-year-old occasional helper of substitute paperboy Handler, an employee for purposes of the Workmen's Compensation Act? We find he was not. We reverse.

Though this Court is required to accept the factual findings of the Workmen's Compensation Appeal Board if "any evidence" in the record exists to support them, we are completely free to correct erroneous rulings of law by the board *Deziel v Difco Laboratories, Inc,* 394 Mich 466; 232 NW2d 146 (1975). As Chief Justice KAVANAGH stated in that opinion, the "facts" of any case must be clearly distinguished from the "jural relationships" involved. The finding that plaintiff was delivering papers, or had delivered them in the past, and that remuneration was offered, does not bind us to conclude that the arrangement between Handler and plaintiff amounted to the type of contract of employment which would qualify the plaintiff for compensation benefits.

We do not find in the following language of the act adequate support for such an expansive interpretation as plaintiff would have us make:

"An employee as used in this act shall mean: * * * (b) Every person in the service of another, under any contract of hire, express or implied, including * * * minors, who shall be considered the same as and have the same power to contract as adult employees." MCLA 418.161(1); MSA 17.237(161)(1).

Plaintiff argues that this Court's prior opinion

represents the "law of the case" and so constrains us to find him an employee. See *Higgins v Monroe Evening News, supra,* at 305. We cannot agree. *Allen v Michigan Bell Telephone Co,* 61 Mich App 62; 232 NW2d 302 (1975). As defined in that decision, the law-of-the-case rule requires an appellate court to adhere to *legal rulings* made on a prior appeal of the same case where the underlying facts have not changed.

Review of this Court's prior opinion discloses no legal ruling on plaintiff's status as an employee. Logically, they could not rule on this issue because the legal ruling they did make concerning the propriety of admitting Handler's prior statement of August 16, 1968 was the unresolved factor upon which the legal decision about plaintiff's possible status as an employee could be made. On remand, after examination, the appeal board did resolve the factual conflict in plaintiff's favor.

However, despite the board's findings that plaintiff had been promised remuneration and had helped Handler in the past, we cannot force a nonexistent conclusion from a prior opinion. We must now decide on the basis of the presently established facts whether plaintiff was an employee.

Certainly a literal reading of the statute in relation to the facts found by the board would incline us to find plaintiff an employee. However, we cannot follow this course where a literal interpretation would lead us to a result clearly contrary to the legislative intent. *People v McFarlin,* 389 Mich 557, 563; 208 NW2d 504 (1973). See also 21 Michigan Law & Practice, Statutes, § 85, p 88.

Two decisions would initially indicate an affirmative ruling in this case, but on a closer inspection distinguish themselves. *Zdrojewski v Vernor's*

*Ginger Ale,* 1959 WCABO 778, *Jochen v Saginaw County,* 363 Mich 648; 110 NW2d 780 (1961).

In *Zdrojewski,* a compensable employment relationship was found where two bottles of soft drink were offered in return for cleaning up broken bottles on the street. That ruling was never appealed. In *Jochen,* the Michigan Supreme Court held that a person summoned for jury duty was not an employee of the defendant county under the Workmen's Compensation Act.

One conclusion is clear when these situations are compared with the present case: an award of compensation here would stretch the Workmen's Compensation Act into an entirely new dimension. What an affirmative ruling in this case would do would be to combine the *Zdrojewski* compensation rule with the special uninsured independent contractor provision of MCLA 418.171; MSA 17.237(171), to award compensation to a person whose existence was not known to the defendant or any of its employees. We do not believe the Legislature foresaw or intended this result. We cannot take such a step without a clear indication by the Legislature that it be taken. We see none, and so we will not extend the act.

We decline also to strictly apply the "economic reality test" where the existence of the employment relationship itself and not the nature of that relationship, *i.e.* the distinction between employees and independent contractors, is at issue. See *McKissic v Bodine,* 42 Mich App 203; 201 NW2d 333 (1972), *Goodchild v Erickson,* 375 Mich 289; 134 NW2d 191 (1965), *Tata v Muskovitz,* 354 Mich 695; 94 NW2d 71 (1959). However, even to the extent the economic reality test might be applied here, the facts simply do not support the legal conclusion that plaintiff was employed by defendant

under the act. See *Cronk v Chevrolet Local 659,* 32 Mich App 394, 398–400; 189 NW2d 16 (1971). See also how uneven and often nonsensical the application of the eight "economic reality" factors, *e.g.* factor five, defined in *McKissic, supra* at 208–209, would be in this instance. As the Court in *McKissic* stated, the test is only a helpful indicator for the courts, not a rule of legal finality. *McKissic, supra,* at 208. Thus, while the eight enumerated factors represent an attempt to objectify the analysis, the application of the test in each case necessarily involves subjective reasoning.

On balance, we are convinced that the Workmen's Compensation Act was never intended to provide compensation for a person in the position of this plaintiff. Consequently, we hold, as a matter of law, that plaintiff was not employed by either the defendant or the substitute newsboy within the meaning of MCLA 418.161(1)(b); MSA 17.237(161)(1)(b).

Our holding on this issue forecloses the need to discuss most remaining issues brought by the parties. We decline specifically to discuss the issue whether newspaper boys are employees or independent contractors under the Workmen's Compensation Act. However, on another matter, we do recommend that, in future cases, the Workmen's Compensation Appeal Board offer parties an opportunity for reargument if the membership of a hearing panel changes after oral arguments have been held so as to avoid possible due process violations.

Reversed.

R. B. BURNS, J., concurred.

T. M. BURNS, P. J. *(dissenting).* I respectfully dissent.

I

Both the workmen's compensation referee and the appeal board found that the plaintiff was an employee of Frank Handler who was an employee of Robert Edwards who was an independent contractor hired by the defendant to deliver its papers.

Michigan Const 1963, art 6, § 28 provides that, "[f]indings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law".

Not providing otherwise, legislative mandate requires that "findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive". MCLA 418.861; MSA 17.237(861).

Moreover, case law requires that this Court affirm findings of fact by the appeal board if there is "any evidence" in the record to support the findings. *Hawley v General Motors Corp,* 67 Mich App 114; 240 NW2d 290 (1976).

Finding that the plaintiff was promised consideration for his assistance in delivering newspapers, the appeal board concluded that a contract of employment existed which qualified the plaintiff for compensation benefits. I find the appeal board's legal conclusion to be a simple application of, rather than a questionable interpretation of, the clear language of the Workmen's Compensation Act. Under the act, an "employee" is defined as *"Every* person in the service of another, under *any* contract of hire, express or implied, *including* * * * *minors,* who shall be considered the same as and have the same power to contract as adult employees." MCLA 418.161(1)(b); MSA 17.237(161)(1)(b). (Emphasis added.)

Accepting the appeal board's findings of fact, a fair reading of the workmen's compensation statute compels affirmance of the decision below. I do not find the appeal board's decision to be clearly contrary to the legislative intent expressed in the act. On the contrary, the wording of § 161 compels the conclusion that its application was intended to be very broad.

## II

Defendant argues that, assuming the regular paperboy was an independent contractor and that Handler was an employee of the regular newsboy and that the plaintiff was Handler's employee, MCLA 418.171; MSA 17.237(171) should not be read as extending compensation benefits to the plaintiff. The argument is that the Workmen's Compensation Act does not provide for the compensation of subemployees.

Again, a fair reading of the act compels agreement with the appeal board. Application of § 171 to the facts of this case requires a finding that the plaintiff was an employee of the defendant since the plaintiff was a subemployee of the regular paperboy. It is clearly a reasonable interpretation of the act to conclude that § 171 was intended to cover second-level employees of independent contractors.

## III

The hearing referee found that because the plaintiff was too young to secure a work permit his employment had been illegal and defendant, therefore, was liable for double compensation under MCLA 418.161(1)(b); MSA 17.237(161)(1)(b). The appeal board, however, found that plaintiff's em-

ployment had not been illegal and reversed that part of the referee's decision.

The appeal board reasoned that MCLA 409.14; MSA 17.714 and MCLA 409.28; MSA 17.728 create a "street trade" exemption for newspaper distribution from the general rule that it is illegal to employ a minor who is too young to obtain a work permit. The appeal board was correct.

Any minor whose employment was illegal at the time of his injury is entitled to double compensation under the Workmen's Compensation Act.[1] If the minor has not procured a work permit, his employment (unless exempted) is illegal.[2] With one irrelevant exception, persons under the age of 14 cannot obtain work permits.[3] However, the employment of minors in "street trades" is not illegal, and the distribution of newspapers is a "street trade".[4] Since newspaper distribution is expressly exempted, neither the minimum age nor the work permit requirements apply to paperboys.

Plaintiff argues, however, that this exemption unconstitutionally denies him equal protection of the laws as it denies him the protection otherwise afforded minors. I don't agree.

Legislation is invalid on equal protection grounds if it creates classifications which are without reasonable bases and are purely arbitrary. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975). It is clear to me that there are rational bases for permitting children under the age of 14 to work as paperboys while generally prohibiting their employment in other occupations. The working hours and conditions of

[1] MCLA 418.161; MSA 17.237(161).

[2] MCLA 409.3; MSA 17.703.

[3] *Id.*

[4] MCLA 409.14, 409.28; MSA 17.714, 17.728.

children who deliver newspapers are sufficiently distinct from those in other industries in which children were historically employed, and the perceived benefit of this type of work experience for children properly supports its encouragement. It is also reasonable to assume that the health risks and employment abuses which existed in other areas of child labor were considerably different in both kind and degree from that of newspaper distribution.

The legislative decision to permit children to deliver newspapers while generally prohibiting their employment in other businesses is reasonably related to the legislative goal of preventing child labor abuses. It was certainly not unreasonable for the Legislature to effectuate the distinction by making it an exception to a general rule of prohibition. MCLA 409.14; MSA 17.714 is valid.

Since plaintiff's employment was not illegal, the claim for double compensation is not supportable.

## IV

The only remaining issue warranting discussion —concerning the applicability of MCLA 418.359; MSA 17.237(359) to this case—is not properly raised or briefed. I would, however, agree with the hearing referee that § 359 would not become applicable until the plaintiff reached the age of majority.

I would affirm the decision of the appeal board.