CHESTER v WORLD FOOTBALL LEAGUE

OPINION OF THE COURT

1. PRINCIPAL AND AGENT—RIGHT TO CONTROL TEST—LIABILITY—RE-
   SPONDEAT SUPERIOR.

   The proper test to determine an agency relationship, for purposes
   of respondeat superior liability, is the right to control.

2. MASTER AND SERVANT—EMPLOYER-EMPLOYEE RELATIONSHIP—TEST
   —VOLUNTARY ASSUMPTION OF SALARY OBLIGATION.

   There is no support for finding an employer-employee relation-
   ship where there is nothing in the record to indicate the right
   to control, hire or fire, or discipline; furthermore, the voluntary
   assumption of a salary obligation, by itself, does not meet this
   test.

CONCURRENCE IN PART, DISSENT IN PART BY V. J. BRENNAN, J.

3. JUDGMENT—SUMMARY JUDGMENT—EVIDENCE—MATERIAL ISSUES OF
   FACT—QUESTIONS OF LAW.

   The party opposing a motion for summary judgment is given the
   benefit of all doubt; where there are unresolved material issues
   of fact or evidence is incomplete or in dispute, the case is not
   appropriate for summary judgment; however, where no mate-
   rial question of fact remains, a motion for summary judgment
   raises a question of law for the trial court.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur 2d, Agency §§ 261, 267.
[2] 53 Am Jur 2d, Master and Servant § 2.
[3] 73 Am Jur 2d, Summary Judgment § 30.
   Proper procedure and course of action by trial court, where both
   parties move for summary judgment. 36 ALR2d 881.
[4, 5] 53 Am Jur 2d, Master and Servant §§ 139, 140.
[4] 82 Am Jur 2d, Workmen's Compensation § 240.
[6–9] 82 Am Jur 2d, Workmen's Compensation §§ 329, 330.
   Right to maintain direct action against fellow employee for injury
   or death covered by workmen's compensation. 21 ALR3d 845.

4. WORKMEN'S COMPENSATION—PERSONAL INJURY—COMPENSATION—
    STATUTES.

An employee is entitled to compensation if he receives a personal injury arising out of and in the course of his employment by an employer covered by the Workmen's Compensation Act (MCLA 418.301; MSA 17.237[301]).

5. WORKMEN'S COMPENSATION—EMPLOYER-EMPLOYEE RELATIONSHIP—
    ECONOMIC REALITY TEST.

An employer-employee relationship for purposes of workmen's compensation is determined by use of the "economic reality" test wherein four factors are considered: control, payment of wages, the right to hire and fire, and the right to discipline.

6. WORKMEN'S COMPENSATION—SUIT AGAINST CO-EMPLOYEES—INJURY
    —COURSE OF EMPLOYMENT—BAR TO ACTION.

A suit against co-employees for injuries is barred under the Workmen's Compensation Act where the injuries occur or develop in the regular course of the employment.

7. WORKMEN'S COMPENSATION—INJURY—ASSAULT—COURSE OF EM-
    PLOYMENT—BROAD CONSTRUCTION.

"Course of employment" under the Workmen's Compensation Act is given broad construction and injuries received in assault, either sportive or malicious, are not, by reason of this fact alone, beyond the realm of compensability; if the injury results from the work itself, or from the stresses, the tensions, the associations, or the working environments, human as well as material, it is compensable.

8. PRINCIPAL AND AGENT—ASSAULT—INDEPENDENT MISCONDUCT—
    OUTSIDE OF AGENCY RELATIONSHIP.

A corporate defendant is not liable for an agent's independent misconduct such as an assault which is outside of, and does not stem from, the agency relationship.

9. WORKMEN'S COMPENSATION—EMPLOYMENT RELATIONSHIP—ECO-
    NOMIC INVOLVEMENT—ECONOMIC REALITIES—EXCLUSIVE REME-
    DIES.

*A suit against a corporation for injuries arising from an assault is barred under the exclusive remedy provisions of the Work-men's Compensation Act where the plaintiff's economic involve-ment in the daily affairs of the corporation was consistent with the economic realities of an employment relationship.*

Appeal from Wayne, Benjamin D. Burdick, J.

Submitted December 17, 1976, at Detroit. (Docket No. 27584.) Decided May 4, 1977.

Complaint by Albert and Ardis Chester against the World Football League, Detroit Wheels, Inc., and Joseph (Bubba) Wyche, Jr., for damages for injuries from an assault arising out of a dispute over wages. Summary judgments for defendants. Plaintiffs appeal. Judgments for Detroit Wheels and Joseph Wyche, Jr., affirmed. Judgment for World Football League reversed.

*Marston & Marston, P. C.,* for plaintiffs.

*Harvey, Kruse & Westen, P. C.* (by *Phillip G. Alber),* for defendant Joseph (Bubba) Wyche, Jr.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendants World Football League and Detroit Wheels, Inc.

Before: R. M. Maher, P. J., and V. J. Brennan and N. J. Kaufman, JJ.

N. J. Kaufman, J. While we concur in the results reached in Judge Brennan's opinion on the propriety of the summary judgments granted to defendants Wyche and Wheels, we must respectfully dissent from his disposition regarding the defendant WFL. Our reasons for doing so will be outlined below.

Plaintiffs' second amended complaint against the WFL asserted two separate theories of recovery. First, plaintiffs contended that the WFL was vicariously liable for Wyche's battery under the doctrine of *respondeat superior.* The second theory of liability articulated by plaintiff was that the WFL was negligent, among other reasons, in keeping

Wyche, a man purportedly of known violent propensities, within the WFL organization, provoking Wyche to violence by failing to act to satisfy his grievances and failing to act to prevent those grievances from arising.

As has been noted by Judge BRENNAN, both of these theories were disposed of by way of summary judgment. However, it is unclear from the record what was the exact basis of the trial judge's reasoning. Since this is so, we will frame what we perceive to be the relevant inquiries on appeal: First, if there were undisputed facts below showing that Wyche did not act within any agency relationship with the WFL, summary judgment was warranted as to the first theory of recovery. Secondly, if the undisputed facts below show that Chester was an employee of the WFL, summary judgment was appropriate on both theories and the trial judge should be affirmed *in toto.* We will discuss each issue separately.

Plaintiffs rely on the fact that the Wheels had become insolvent and that the WFL had taken over the payroll to establish that Wyche acted as an agent for the WFL. In his brief, plaintiff asserts that the WFL had the right to hire or fire Wyche, "or as it ultimately did move him to another franchise", purportedly relying on Wyche's interrogatories. We have examined these interrogatories and we find no support for the statement regarding the WFL assigning his contract.

The proper test to determine an agency relationship, for purposes of *respondeat superior* liability, is the right to control. *Arnett v Hayes Wheel Co,* 201 Mich 67; 166 NW 957 (1918), *Birou v Thompson-Brown Co,* 67 Mich App 502, 507; 241 NW2d 265 (1976), *lv den* 397 Mich 808 (1976). Examining the facts under the right-to-control test, there is

clearly no agency between Wyche and the WFL. Wyche was under contract with the Wheels, not the WFL. Wyche was sent to see plaintiff to collect his money with permission of the Wheels, not the WFL. On the record before us, there is nothing to indicate that the WFL had the right to control Wyche. The only evidence adduced below of any relevance is that the WFL had voluntarily undertaken to meet the Wheels' payroll. In the instant case, this does not suffice to show that the WFL had the right to control Wyche; accordingly, summary judgment as to the first theory of liability was proper.

Plaintiffs' second theory, however, does not stand in the same position. In defendant WFL's brief, it is argued that Chester was an employee of the WFL. This view is premised upon the theory that if Wyche's salary was undertaken by the WFL, then Chester's salary was also taken over by the league. As we noted above, in the instant case the voluntary assumption of a salary obligation, by itself, does not meet the control test. Moreover, there is nothing in the record to indicate that Chester's salary was taken over by the league. In fact, it was never alleged below. We are now asked on appeal to infer this fact from the bankruptcy of the Wheels. We must decline this invitation.

As we previously noted, even were this true, the control test was not met. Furthermore, there is nothing in the record to indicate that the WFL had the right to control, hire or fire, or discipline Chester. Thus, there is nothing on the record to support the finding that Chester was an employee of the WFL. Accordingly, we reverse the summary judgment on plaintiffs' negligence theory.

R. M. MAHER, P. J., concurred.

V. J. Brennan, J. *(concurring in part, dissenting in part).* On September 27, 1974, plaintiffs Albert and Ardis Chester brought suit against defendants jointly and severally for injuries arising out of a dispute over wages between defendant Wyche and plaintiff Albert Chester while Chester was controller for defendant Detroit Wheels [hereafter Wheels]. Defendant World Football League [hereafter League] was joined as alleged co-employer of defendant Wyche. Motion for summary judgment was filed by defendants and granted by Wayne County Circuit Judge Benjamin D. Burdick on January 30, 1976. He found the claim against Wyche and the Wheels was barred by the exclusive remedy provisions of the Workmen's Compensation Act. MCLA 418.131; MSA 17.237(131), MCLA 418.301; MSA 17.237(301), MCLA 418.827; MSA 17.237(827). He found for the League on the same basis or, alternatively, because Wyche acted outside the scope of any possible agency with the League. Plaintiffs appeal as of right.

The incident giving rise to this litigation occurred on September 20, 1974. Plaintiff had been employed as controller of the Wheels through Kelly Services, Inc [hereafter Kelly]. Part of the arrangement meant that the Wheels would pay Kelly and Kelly would then pay plaintiff. However, plaintiff's deposition indicated that Kelly maintained no control over his time, duties or conduct with the Wheels.

Plaintiff had been working for the Wheels since July, 1974. Prior to September 20, 1974, the Wheels became insolvent and unable to meet their payroll. Thereupon, the League seems to have agreed to pay Wyche's salary. The last paycheck Wyche received on September 20, 1974, came from the League.

On September 20, 1974, plaintiff was working at the offices of the Wheels. Wyche and some other football players entered and engaged plaintiff in discussion about back pay due the players. The conversation became heated and Wyche grabbed plaintiff by the arm, plaintiff claiming he was thereby injured.

On appeal, plaintiff attacks the legal propriety of granting summary judgment for each defendant. I will deal with each defendant separately. As my Brothers MAHER and KAUFMAN disagree with my position as to defendant League, I will address that matter on my own behalf only.

In reviewing summary judgment, the party opposing the motion is given the benefit of all doubt. *Beck v Delta Recreation Corp,* 2 Mich App 518, 525; 140 NW2d 764 (1966). Where there are unresolved material issues of fact or the evidence is incomplete or in dispute, the case is not appropriate for summary judgment. *Cloverlanes Bowl, Inc v Gordon,* 46 Mich App 518, 526; 208 NW2d 598 (1973); *Oliver v St Clair Metal Products Co,* 45 Mich App 242, 244; 206 NW2d 444 (1973). However, where no material question of fact remains, a motion for summary judgment raises a question of law for the trial court. *Ladner v Vander Band,* 376 Mich 321, 325; 136 NW2d 916 (1965).

Plaintiff first contends that the trial court erred by granting summary judgment for defendant Wheels. Plaintiff maintains that he was not, as a matter of law, an employee of defendant Wheels on September 20, 1974, and so was not precluded from bringing suit against them by the exclusive remedy provisions of the Workmen's Compensation Act.

Viewing the facts most favorably to plaintiff, we must disagree. Under the act, an employee is

entitled to compensation if he receives a personal injury arising out of and in the course of his employment by an employer covered by the act. In this case, there is no dispute that Chester was injured in the course of his employment or that the Wheels were an employer covered by the act. What we must decide is the legal question of whether plaintiff was an employee of the Wheels within the meaning of the act. *Higgins v Monroe Evening News,* 70 Mich App 407, 412; 245 NW2d 769 (1976).

The device used in Michigan to determine the existence of an employment relationship is the "economic reality" test. *Cronk v Chevrolet Local 659,* 32 Mich App 394, 399; 189 NW2d 16 (1971). Generally, four factors are isolated: control, payment of wages, the right to hire and fire, and the right to discipline. *Cronk, supra* at 399. See *McKissic v Bodine,* 42 Mich App 203, 208–209; 201 NW2d 333 (1972). Applying these factors to this case, we believe plaintiff was an employee of the Wheels.

Further, we discern no distinction between the present matter and another recent decision of this Court. *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc,* 17 Mich App 259, 265; 169 NW2d 326 (1969). In *Renfroe,* plaintiff was dispatched by a labor broker on a day-to-day basis to work under the direction of a customer. After having worked on daily assignments for two or three weeks for one customer, plaintiff was injured while operating a punch press. Plaintiff recovered an award from the labor broker's workmen's compensation carrier, then sought additional recovery from the customer as a third-party tortfeasor.

The Court applied the economic reality test and found that plaintiff was a dual employee of the

labor broker and the customer and was thus barred from tort recovery by the exclusive remedy provisions of the Workmen's Compensation Act. *Renfroe, supra* at 265–266.

The plaintiff in this case styles himself an independent contractor, removed from the control normally associated with an employee status. We see no distinction between the function plaintiff performed for the Wheels and similar high-level employees in other businesses who may have some control over the time, hours or duties of their employment. We believe summary judgment was properly granted in favor of defendant Wheels.

Plaintiff next argues that the trial court erred by granting summary judgment to defendant Wyche. He alleges that Wyche was not, as a matter of law, an employee of the Wheels on September 20, 1974, and so would not be protected by the exclusive remedy provisions of the Workmen's Compensation Act. We disagree.

We have determined that plaintiff was an employee of defendant Wheels for purposes of the Workmen's Compensation Act. We also recognize that defendant Wyche was an employee of the Wheels and that the act will bar suit against co-employees for injuries compensable under the act. *Ayers v Genter,* 367 Mich 675, 677; 117 NW2d 38 (1962). This bar operates where the injury occurs in the regular course of employment. *Wilson v Al-Huribi,* 55 Mich App 95, 97–98; 222 NW2d 49 (1974), *Helmic v Paine,* 369 Mich 114, 119; 119 NW2d 574 (1963). Therefore, the question we must decide is whether this incident developed within the course of their employment.

"Course of employment" has been given a broad construction:

"For the purposes of the compensation act the con-

cept of course of employment is more comprehensive than the assigned work * * * . Course of employment is not scope of employment. The former, as the cases so clearly reveal, is a way of life in a working environment. If the injury results from the work itself, or from the stresses, the tensions, the associations, or the working environments, human as well as material, it is compensable." *Crilly v Ballou,* 353 Mich 303, 326; 91 NW2d 493 (1958); cited in *Fidelity & Casualty Co of New York v DeShone,* 384 Mich 686, 692–693; 187 NW2d 215 (1971). (Citations omitted.)

We find authority for the position that "injuries received in assault, either sportive or malicious, are not, by reason of such fact alone, beyond the realm of compensability". *Crilly v Ballou,* 353 Mich 303, 327; 91 NW2d 493 (1958). We do not believe even a favorable interpretation of the facts indicate defendant Wyche's assault "so gross and reprehensible * * * as to constitute intentional and wilfull conduct". See MCLA 418.305; MSA 17.237(305). We feel the broad construction necessary and desirable for this provision justifies finding the assault within the course of the parties' employment. We perceive the incident as arising spontaneously from employee Wyche's attempt to collect salary from employee Chester. Contrast *Federal Underwriters Exchange v Samuel,* 138 Tex 444; 160 SW2d 61 (1942), cited in *Harrison v Tireman & Colfax Bump & Repair Shop,* 395 Mich 48, 50; 232 NW 274 (1975), where the parties were armed and some period of time occurred between an initial confrontation and the subsequent assault upon which the compensation claim was based. We find no error in granting summary judgment for defendant Wyche in this case.

Finally, plaintiff alleges in his brief that the trial court erred by granting summary judgment to the defendant League. He argues that neither

he nor defendant Wyche were, as a matter of law, employees of defendant League on September 20, 1974, and so any suit against the League is not precluded by the exclusive remedy provisions of the Workmen's Compensation Act. I do not agree.

The facts indicate that Wyche was paid from funds provided by the League. Chester was responsible for making these disbursements from the League. Chester was thus economically involved in the daily business affairs of the League. I find this situation consistent with the economic realities of an employment relationship. See *Cronk, supra* at 399. Therefore, I believe Chester was a dual employee of both Kelly and the League at the time of the assault. I must conclude, then, that Chester is precluded, as a matter of law, from bringing a third-party suit against the League by the exclusive remedy provisions of the Workmen's Compensation Act. See *Renfroe, supra* at 265–267.

Further, I would note as well that Wyche was moved by defendant League to another League franchise shortly after the Wheels' organization collapsed. As plaintiff's counsel himself argues on the hearing record, defendant League "took over the [Wyche's] contract and subsequently took over the franchise". The facts of this case, then, provide significant undisputed evidence that both Wyche and plaintiff were special employees of defendant League as well as of Kelly and the Wheels. Consequently, I feel Chester would also be precluded from suing defendant Wyche on the basis of this co-employee relationship. See *Ayers, supra* at 677; *Wilson, supra* at 97–98.

Furthermore, even were I not to find the mutual employment relationship or co-employee status between the parties which the facts indicate, I would be constrained alternatively to hold that the

assumption of Wyche's salary obligation by the League may have constituted Wyche as a limited agent of the League. Under such an agency theory, which speaks more directly to the second negligence count in plaintiff's complaint, I would confront the question whether, as a matter of law, Wyche acted outside the scope of this agency.

The existence of such an agency is measured by the economic realities. *Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707, 718; 211 NW2d 88 (1973). I consider the payment of Wyche's salary by the League through plaintiff's office as factual support for finding an agency regarding Wyche's action in seeking plaintiff out on September 20, 1974.

However, though the facts may speak to a limited agency relationship between the parties, I also believe Wyche acted outside the scope of the agency when he assaulted plaintiff. *Martin v Jones,* 302 Mich 355, 358; 4 NW2d 686 (1942). Contrast *Moffit v White Sewing Machine Co,* 214 Mich 496; 183 NW 198 (1921), where the agent was collecting debts owed his employer rather than a debt owed him personally. I perceive Wyche's action in this case as independent misconduct not stemming directly from his agency relationship with the League. Therefore, I would conclude summary judgment was appropriately granted in favor of the League for failure to allege facts indicating that Wyche acted within the scope of his agency.

I would affirm as to all parties defendant.