APPLEBAUM v MICHIGAN DEPARTMENT OF MENTAL HEALTH

Docket No. 58698. Submitted December 8, 1982, at Lansing.—Decided February 10, 1983.

Wayne Applebaum was discharged from his position as a full-time psychologist at the Alger-Marquette Community Mental Health Center. Wayne Applebaum and his wife, Lucy, brought an action for wrongful discharge in Marquette Circuit Court against the Alger-Marquette Community Mental Health Board and others. Thereafter the Applebaums brought an action in the Court of Claims against the Michigan Department of Mental Health. Plaintiffs alleged that, pursuant to statute, the Department of Mental Health exercises complete control and supervision over county mental health programs and was accordingly liable for the wrongful discharge by its agent, the Alger-Marquette Mental Health Board. Defendant moved for summary judgment on the basis of plaintiffs' failure to state a claim upon which relief could be granted. Ray C. Hotchkiss, J., granted defendant's motion. Plaintiffs appeal. *Held:*

The mere pleading of the general statutory supervisory powers of the Michigan Department of Mental Health over county mental health boards is insufficient to establish a basis for liability for a wrongful discharge by a local board of one of its employees. While the state department does possess a wide range of supervisory powers, the statutory scheme clearly indicates that there shall be substantial local control. In the absence of an allegation that the state department did something that led to the dismissal or has exercised control over the actual hiring and firing by the local board, plaintiffs have failed to plead facts which would sustain the finding of liability against the Michigan Department of Mental Health on agency principles.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADINGS — APPEAL.

All factual allegations, along with any inferences or conclusions

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 61A Am Jur 2d, Pleading § 230 *et seq.*
[2] 3 Am Jur 2d, Agency § 2.

which may be fairly drawn from the facts alleged, are accepted as true by the Court of Appeals for the purpose of review of a trial court's decision as to a motion for summary judgment for the failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1]).

2. PRINCIPAL AND AGENT — PLEADINGS — RIGHT OF CONTROL.

Liability based upon an agency relationship requires that the alleged principal had a right to control the acts of the agent.

3. PRINCIPAL AND AGENT — PLEADINGS — RIGHT OF CONTROL — SUMMARY JUDGMENT.

The mere allegation of the general statutory supervisory powers of the Michigan Department of Mental Health over county mental health programs is insufficient to establish liability in the state for the alleged wrongful discharge of an employee in a county mental health program; liability of the state department requires an allegation that the state department did something that led to the discharge or that the state department had control over the actual hiring and firing; absent such allegation, summary judgment for failure to state a cause of action was properly granted (MCL 330.1001 *et seq.;* MSA 14.800[1] *et seq.;* GCR 1963, 117.2[1]).

*David M. Savu,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. Mc-Cargar, Thomas R. Wheeker* and *James M. Batzer,* Assistants Attorney General, for defendant.

Before: BRONSON, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. On June 25, 1981, the trial judge granted summary judgment against plaintifs under GCR 1963, 117.2(1). They appeal as of right.

On May 14, 1980, plaintiffs filed a complaint in Marquette County Circuit Court against the Alger-Marquette Community Mental Health Board and others alleging that plaintiff Wayne Applebaum had been wrongfully discharged from his position

as a full-time psychologist at the Alger-Marquette Community Mental Health Center. Half a year later, they filed the complaint in this case alleging, in particular, that:

"[T]he Department of Mental Health in fact exercises complete control and supervision over its statutory agents aforesaid, in the areas of budget, programming, mental health care standards, *employment standards and terms and conditions of employment,* treatment standards and protocol, patient rights, level of services, and virtually every other facet involved in the operation of the Alger-Marquette Community Mental Health Board, and as principal is liable for the wrongful acts of its agents * * *." (Emphasis added.)

In addition to this factual allegation, they also alleged that the statutes, MCL 330.1001 *et seq.;* MSA 14.800(1) *et seq.,* impose liability on defendant.

In reviewing a grant of a motion for summary judgment under GCR 1963, 117.2(1), this Court accepts as true all factual allegations, along with any inferences or conclusions which may fairly be drawn from the facts alleged. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981).

We do not believe that plaintiffs' complaint alleges a sufficient basis for liability. They are alleging no more than the general supervisory control that defendant exercises over the county mental health services. This allegation is not enough. Because plaintiffs are not alleging that defendant itself committed the "unlawful acts", they can prevail only on an agency theory. But liability based on an agency relationship requires a right to control. *Chester v World Football League,* 75 Mich App 455; 255 NW2d 643 (1977). The statutory

framework, by itself, does not supply the necessary right of control.

On the one hand, defendant does have extensive power over the mental health services. It must designate by rule the minimum types and scopes of the mental health services to be provided. MCL 330.1206; MSA 14.800(206). It reviews each county service's annual plan and budget. MCL 330.1232; MSA 14.800(232). It has the power to coordinate and integrate state services, review the "relevancy, quality, effectiveness and efficiency of county programs", collect information, provide consultative services, audit expenditures, establish financial liability schedules, and promulgate rules. MCL 330.1244; MSA 14.800(244). Furthermore, the state has the responsibility to financially support the county mental health services. MCL 330.1202; MSA 14.800(202).

But these powers do not mean that defendant has the right to control all aspects of the county mental health services. While it gives the state the duty to fund and general supervisory powers, the act clearly provides for local control. MCL 330.1204; MSA 14.800(204) states: "A county community mental health program established under this chapter shall be an official county agency". In fact, its employees are county employees. OAG, 1978, 5269, p 362 (February 23, 1978). The county program is established by a majority vote of the county board of commissioners. MCL 330.1210; MSA 14.800(210). The county community mental health board is appointed by the county board of commissioners. MCL 330.1212; MSA 14.800(212). MCL 330.1214; MSA 14.800(214) states: "When a single county establishes a board, all board members shall be representatives of that county." Board members may be removed by the appointing

board of commissioners. MCL 330.1224; MSA 14.800(224). Local control is clearly retained. Such matters as hiring and firing are local matters outside defendant's general jurisdiction.

Merely alleging that defendant establishes the employment qualifications is insufficient to establish the agency relationship. To avoid a summary judgment, plaintiffs instead had to allege facts outside the general supervisory power, *i.e.,* defendant did something in this case that led to the dismissal or defendant has control over the *actual* hiring and firing. As such, the summary judgment was properly entered.

Affirmed.